IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA SEAWRIGHT, | : | CIVIL ACTION |
| Personal Representative and Administratrix | : | |
| of the Estate of Joseph Jackson, | : | NO.  05-2751 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW E. GREENBERG, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                       November 1, 2005

Presently before the Court are Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docket Nos. 8,[1] 9,[2] 16,[3] and 20[4]),[5] and Plaintiff's Reply (Docket No. 26).[6]

# I. FACTS AND PROCEDURAL HISTORY

---

1. Defendants moving in Docket Number 8 are:  James Bosakowski; Jenkins, Wolf, Rubinate, Hasson & Styliades; Jenkins, Robinson, Wolf & Rubinate; Liberty Mutual Insurance Company; Liberty Mutual Fire Insurance Company; Jennifer Scott; Yolanda Wilson; and, Wendell Wilson.

2. Defendants moving in Docket Number 9 are:  Andrew Greenberg and The Chartwell Law Offices.

3. Defendants moving in Docket Number 16 are:  Sherri L. Dougherty and Weber, Goldstein, Greenberg and Gallagher, LLP.

4. Defendants moving in Docket Number 20 are:  John R. Duda, M.D.; Catherine Glennon; and, Joan Vassallo.

5. Docket Numbers 8, 9, and 20 are virtually identical in content.  Docket Number 16 incorporates by reference all of the arguments made in Docket Number 9.  Because all of Defendants' Motions to Dismiss contain the same content, references for the remainder of this memorandum will be to Docket Number 8.

6. The following Defendants have not responded to Plaintiff's Complaint or Plaintiff's Amended Complaint: Metro Mobility; Metro Care, Inc.; Roseann Lertzman; Michael Clark; Ted Fricker; John Eastern Company, Inc.; Joseph Malone; Casualty Reciprocal Exchange; Hartford Mutual Insurance Company; Anthony Salem; Suburban Orthopedic Specialists, P.C.; Frontier Insurance Company; and, South Eastern Pennsylvania Transportation Authority (SEPTA).

Mr. Joseph Jackson was involved in a car accident on November 4, 2000. Mr. Jackson filed a workers' compensation claim and a personal injury lawsuit,[7] both stemming from injuries sustained in the car accident. Mr. Jackson died from cancer on October 31, 2001. Plaintiff in this case is the representative and administratrix of the estate of Mr. Jackson. After Mr. Jackson died, Plaintiff was substituted as Mr. Jackson's personal representative in the workers' compensation and personal injury cases. Plaintiff's counsel in this case, Allen L. Feingold, also represented Plaintiff in the underlying litigation.

Defendant Greenberg and Defendant Dougherty, attorneys with Defendant law firm Weber, Goldstein, Greenberg and Gallagher, LLP,[8] opposed Mr. Jackson's workers' compensation claim. Plaintiff alleges that Defendants Greenberg and Dougherty "withheld knowledge and information that was necessary to prove [Mr. Jackson's] claim," Pl.'s Am. Compl. ¶ 63, and made false statements to the workers' compensation judge. Id. ¶ 107. Plaintiff's counsel wrote a letter to the workers' compensation judge regarding defense counsel's misconduct. Id. ¶ 163. There is disagreement between Plaintiff and Defendants in this case regarding the outcome of Mr. Jackson's workers' compensation claim. Plaintiff claims that Mr. Jackson did not proceed with the claim due to Defendants' alleged misconduct, id. ¶ 63, while

---

7. Plaintiff's Amended Complaint does not state when Mr. Jackson filed the workers' compensation claim. Mr. Jackson filed the personal injury case in the Philadelphia Court of Common Pleas on October 22, 2001.

8. Plaintiff has also sued Defendant The Chartwell Law Offices, LLP. The Court assumes that Defendant Greenberg was, at one time, employed by Defendant Weber, Goldstein, Greenberg, and Gallagher, LLP, and is now employed by The Chartwell Law Offices, LLP. Plaintiff's Amended Complaint vaguely refers to Defendant Greenberg as "an attorney who acted individually and as the agent, servant, employee of the defendant, The Chartwell Law Offices, LLP [and] the defendant Weber, Goldstein, Greenberg and Gallagher, LLP . . . ." (Pl.'s Am. Compl. ¶ 77.)

Defendants claim that Mr. Jackson's workers' compensation claim was dismissed and that the Workers' Compensation Board of Appeals later affirmed the dismissal.  (Def.'s Mot. Dismiss 6.)

Defendant James Bosakowski, an attorney with Defendant law firm Jenkins, Wolf, Rubinate, Hasson and Styliades,[9] represented the defendants in the personal injury action. (Pl.'s Am. Compl. ¶¶151-156.)  Plaintiff filed a Motion to Compel Full and Complete Answers to Interrogatories and Request for Production of Documents, which was denied.  Id. ¶ 157.  The case was then referred to Chief United States Magistrate Judge James Melinson.  Plaintiff wrote a letter to Judge Melinson alleging improper conduct on the part of Defendant Bosakowski.  Id. ¶ 166.  The case was later transferred to Magistrate Judge Jacob Hart.  Judge Hart entered findings of fact and conclusions of law on February 26, 2003 and awarded Plaintiff $50,202.15. Seawright v. Wilson, No. 01-5646, 2003 U.S. Dist. LEXIS 3197 (E.D. Pa. Feb. 27, 2003).

Plaintiff now brings this suit alleging fraud, misrepresentation, abuse of process, civil conspiracy, intentional infliction of emotional distress, slander, harassment, and violation of "acceptable standards for conduct in decedent society" against twenty-seven (27) named defendants.  (Pl.'s Am. Compl. ¶ 264.)  The Defendants in the present case include the driver and owner of the other vehicle involved in the car accident, the owners of the vehicle driven by Mr. Jackson at the time of the accident, the attorneys who opposed Mr. Jackson's workers' compensation claim and the law firms that employed those attorneys, the attorney who opposed Mr. Jackson's personal injury claim and the law firm that employed that attorney, the doctors who examined Mr. Jackson, the medical expert who testified for the defense in the personal

---

9.  Plaintiff has also sued law firm Jenkins, Robinson, Wolf & Rubinate (Pl.'s Am. Compl. ¶ 82.) The Court assumes that the name of the firm changed at some point during the litigation.

injury case, and the insurance companies as well as employees of the insurance companies involved in Mr. Jackson's workers' compensation and personal injury cases.

The above named Defendants filed Motions to Dismiss Plaintiff's Complaint. Plaintiff then filed an Amended Complaint. This Court denied Defendants' Motions to Dismiss in light of Plaintiff's Amended Complaint. By Plaintiff's own admission, the only difference between Plaintiff's Amended Complaint and Plaintiff's Original Complaint is that the Amended Complaint does not reference two federal statutes. (Pl.'s Answer Defs.' Mot. Dismiss 1.) The above named Defendants then filed Motions to Dismiss Plaintiff's Amended Complaint, raising the same issues set forth in their Motions to Dismiss Plaintiff's (Original) Complaint.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) is granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The motion "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). While the Court must accept all factual allegations in the complaint as true, it "need not accept as true 'unsupported conclusions and unwarranted inferences.'" Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)). In a 12(b)(6) motion, the defendant bears the burden of persuading the Court that no claim has been stated. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Courts generally consider the allegations contained in the complaint, exhibits attached to the complaint, and public

records of which the court may take judicial notice. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1992, 1196 (3d Cir. 1993).

**III. DISCUSSION**

Defendants argue that Plaintiff's Amended Complaint should be dismissed with prejudice because: (1) Plaintiff is collaterally estopped from making claims relating to discovery in previous cases and (2) all claims alleged by Plaintiff are barred by the applicable statute of limitations. On these bases, Defendants argue, neither Plaintiff nor Plaintiff's counsel are entitled to attorney's fees, costs, or punitive damages.[10]

The Court will first address Defendants' argument that the claims alleged by Plaintiff are barred by the applicable statute of limitations. Counts I, II, III, IV, V, VII, VIII, IX, X, and XII of Plaintiff's Amended Complaint allege fraud, misrepresentation, abuse of process, civil conspiracy, intentional infliction of emotional distress, and, as Defendants describe, "what purports to be a harassment claim." (Defs.' Mot. Dismiss 14.) These Counts are subject to 42 Pa. C.S. § 5524, which provides that:

> The following actions and proceedings must be commenced within two years:

---

10. In the alternative, Defendants argue that: (1) Plaintiff does not have standing to pursue a slander claim on behalf of Mr. Jackson; (2) Plaintiff's Amended Complaint violates the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and therefore the paragraphs alleging fraud should be stricken; (3) the Court should grant a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e); and, (4) portions of Plaintiff's Amended Complaint contain scandalous material and should be stricken pursuant to Federal Rule of Civil Procedure 12(f). In addition, Defendants Sherri L. Dougherty and Weber, Goldstein, Greenberg, and Gallagher, LLP, also made a Motion to Strike for failure to attach the pleadings and final decisions, order, and opinions in the underlying proceedings. Because the Court finds that the statute of limitations has expired on all counts and that the Plaintiff is collaterally estopped from raising discovery issues from a prior case, the Court does not address Defendants' alternative arguments.

> (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

"The statute of limitations begins to run 'as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations.'" Meehan v. Archdiocese of Phila., 870 A.2d 912, 919 (Pa. Super. Ct. 2005) (quoting Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)). In the present case, the conduct alleged by Plaintiff occurred during the workers' compensation case and the personal injury lawsuit. Defendants point out that the last action by *any* defendant alleged in Plaintiff's Amended Complaint occurred on February 20, 2003. (Pl.'s Am. Compl.¶ 181.) Therefore, to comply with the applicable statute of limitations, Plaintiff must have filed the complaint no later than February 20, 2005. Plaintiff actually filed the complaint in state court on May 19, 2005. Thus, the statute of limitations bars Plaintiff from asserting Counts I, II, III, IV, V, VII, VIII, IX, X, and XII.

Count VI of Plaintiff's Amended Complaint alleges slander. The statute of limitations for a slander action is one year. 42 Pa. C.S. § 5523(1). Defendants point out that the last communication alleged in Plaintiff's Amended Complaint occurred on February 20, 2003. (Pl.'s Am. Compl.¶ 181.) Therefore, to file a timely action for slander, Plaintiff must have filed

suit no later than February 20, 2004.  Again, Plaintiff filed the present action in state court on May 19, 2005, well beyond the necessary deadline.

Plaintiff argues that the doctrine of equitable tolling should apply in the present case because the Defendant committed fraud.  In Pennsylvania, equitable tolling is generally applied in the following three situations: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

None of the three situations where equitable tolling is appropriate are applicable in this case.  First, Defendants did not mislead Plaintiff with regard to Plaintiff's cause of action in the *present* case.  The fraud Plaintiff alleges occurred during the underlying workers' compensation and personal injury cases.  Plaintiff and Plaintiff's counsel complained about the same tortious conduct alleged in the present case to the judges presiding in the underlying cases at the time that conduct occurred.  (Pl.'s Am. Compl. ¶¶ 163, 152, 166.)  Plaintiff does not allege that Defendants engaged in fraudulent conduct after either case closed.  Second, Defendants' alleged fraud in the underlying litigation has not prevented Plaintiff from asserting her rights in this case.  Again, Plaintiff was aware of Defendants' alleged fraud at the time that it occurred. Finally, Plaintiff did not timely file the present action in another forum.  Therefore, Defendants' alleged fraud in the underlying cases does not warrant the application of equitable tolling.[11]

---

11. Additionally, the discovery rule does not save Plaintiff's Complaint.  Plaintiff and Plaintiff's counsel were aware of the alleged conduct at the time that it occurred, as evidenced by Plaintiff's communications with the judges
(continued...)

Even if Plaintiff timely brought the present action or if equitable tolling applied, Plaintiff would be collaterally estopped from asserting claims related to discovery in previous cases. Collateral estoppel applies where:

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted has a full and fair opportunity to litigate the issue in the prior proceeding; and, (5) the determination in the prior proceeding was essential to the judgment.

Spisak v. Margolis Edelstein, 768 A.2d 874, 877 (Pa. Super. Ct. 2001). Collateral estoppel does not require "that there be an identity of parties in the two actions in order to invoke the bar." Id. (quoting Mellon Bank v. Rafsky, 535 A.2d 1090, 1093 (Pa. Super. Ct. 1987)). Rather, "[c]ollateral estoppel may be used as either a sword or a shield by a stranger to the prior action if the party against whom the doctrine is invoked was a party or in privity with a party to the prior action." Id.

The application of collateral estoppel is proper where a plaintiff brings an action to redress discovery disputes from a previous case. For example, in Spisak, the plaintiff brought an action against the law firm of the attorney who had opposed the plaintiff in a prior case. Plaintiff alleged that the attorney in the prior case improperly redacted documents produced during discovery, resulting in a damage award that was smaller than it would have been but for the attorney's improper conduct. Id. at 875. The Spisak Court held that the plaintiff was collaterally estopped from raising discovery matters in later proceedings, stating that:

---

11. (...continued)
 in the underlying actions.

> The proper context for addressing discovery disputes is in the case in which they arise, according to the rules of civil procedure and the appellate process. To sanction the approach taken here, would open the door to a litany of collateral lawsuits against counsel and their clients based on a litigant's later dissatisfaction with the resolution of a discovery matter form a suit long concluded.

Id. at 878.

The present case is closely analogous to Spisak. All of the allegations in Plaintiff's Amended Complaint stem from the conduct of persons involved in the underlying workers' compensation and personal injury actions. However, following Spisak, Plaintiff's proper remedy was to appeal the decisions in the previous cases. Like the plaintiff in Spisak, Plaintiff failed to appeal those decisions, and therefore "has no other party to blame." Id. at 877. That Defendants were not parties in the prior action does not prevent them from using collateral estoppel as a shield in this case.

Because the Court finds that the statute of limitations has expired on all of Plaintiff's Counts and that Plaintiff is collaterally estopped from raising discovery issues from a prior case, the Court also dismisses Plaintiff's Count XI for costs and attorney's fees. Additionally, the following Court Order sua sponte dismisses Plaintiff's Amended Complaint against all Defendants who have failed to respond to Plaintiff's Amended Complaint. See Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990) (stating that "there are times when a court may sua sponte raise the issue of the deficiency of a pleading under 12(b)(6) provided that the litigant has had the opportunity to address the issue either orally or in writing"); Corporate Aviation Concepts, Inc. v. Multi-Service Aviation Corp., No. 03-3020, 2004 U.S. Dist. LEXIS 17154, at *2 n.1 (E.D. Pa. Aug. 25, 2004) (sua sponte dismissing a counterclaim where a defendant counterclaimed

9

against two plaintiffs, only one plaintiff moved to dismiss the counterclaim, and both counterclaims involved the same factual allegations, the same parties, and the same legal theories).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss Plaintiff's Amended Complaint are granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA SEAWRIGHT, | : | CIVIL ACTION |
| Personal Representative and Administratrix | : | |
| of the Estate of Joseph Jackson, | : | NO.  05-2751 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW E. GREENBERG, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 1st day of November, 2005, upon consideration of Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docket Nos. 8,[12] 9,[13] 16,[14] and 20[15]), and Plaintiff's Reply (Docket No. 26), it is hereby **ORDERED** that the Defendants' Motions to Dismiss Plaintiff's Amended Complaint are **GRANTED.**

---

12.  Defendants moving in Docket Number 8 are:  James Bosakowski; Jenkins, Wolf, Rubinate, Hasson & Styliades; Jenkins, Robinson, Wolf & Rubinate; Liberty Mutual Insurance Company; Liberty Mutual Fire Insurance Company; Jennifer Scott; Yolanda Wilson; and Wendell Wilson.

13.  Defendants moving in Docket Number 9 are:  Andrew Greenberg and The Chartwell Law Offices.

14.  Defendants moving in Docket Number 16 are:  Sherri L. Dougherty and Weber, Glodstein, Greenberg and Gallagher, LLP.

15.  Defendants moving in Docket Number 20 are:  John R. Duda, M.D.; Catherine Glennon; and, Joan Vassallo.

It is further **ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** as to all non-moving Defendants.[16]  This case is **CLOSED.**

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.

---

16.  Non-moving Defendants are: Metro Mobility; Metro Care, Inc.; Roseann Lertzman; Michael Clark; Ted Fricker; John Eastern Company, Inc.; Joseph Malone; Casualty Reciprocal Exchange; Hartford Mutual Insurance Company; Anthony Salem; Suburban Orthopedic Specialists, P.C.; Frontier Insurance Company; and, South Eastern Pennsylvania Transportation Authority (SEPTA).