IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA SEAWRIGHT, | : | |
| Personal Representative and Administratrix | : | |
| of the Estate of Joseph Jackson, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-2751 |
| | : | |
| v. | : | |
| | : | |
| ANDREW E. GREENBERG, et al., | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

BUCKWALTER, S.J.                                                                                                  December 14, 2005

        Presently before the Court are Plaintiff's Motion for Reconsideration of Order Dismissing Action (Docket No. 28) and Defendants' Replies (Docket Nos. 29, 30, 31, 34).

**I.  FACTS AND PROCEDURAL HISTORY**

        On November 2, 2005, this Court dismissed Plaintiff's complaint as barred by the statute of limitations and the doctrine of collateral estoppel.  See Seawright v. Greenberg, No. 05-2751, 2005 LEXIS 26229 (E.D. Pa. Nov. 2, 2005).  Plaintiff now seeks reconsideration of the Court's Order Dismissing Plaintiff's Complaint.  Plaintiff makes two primary arguments[1] in

---

1. A motion for reconsideration should "address[] only factual and legal matters that the court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through - rightly or wrongly." Yang v. AstraZeneca, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at *3 (E.D. Pa. Aug. 29, 2005) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal alterations omitted)).

    Plaintiff also makes the following arguments with regard to the personal injury case: Plaintiff did not agree to the assignment of the personal injury case to Magistrate Judge Hart; the defense counsel and the defendant "lied, committed fraud, withheld hundreds of documents," Pl.'s Mot. Recons. at 2; and, Plaintiff did not have a full and fair opportunity to litigate discovery issues.  These arguments were also set forth in Plaintiff's Substantive Answer to Defendants' Motion to Dismiss.  Therefore, the Court finds that Plaintiff's repetitive arguments are not proper grounds for reconsideration.

support of her Motion for Reconsideration: (1) "[t]he expiration of the applicable statute of limitations and/or claims of collateral estoppel are most appropriately raised as an affirmative defense in responsive pleadings and not in a motion to dismiss;" and (2) Defendants' conduct constituted a continuing violation, and therefore, Plaintiff's complaint is not barred by the statute of limitations.[2] (Pl.'s Mot. Recons. at 1.) For the reasons that follow, Plaintiff's Motion will be denied.

## II. ANALYSIS

### A. Standard of Review

Local Rule of Civil Procedure 7.1(g) allows a party to make a motion for reconsideration. "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Motions for reconsideration are granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). District courts should grant a party's motion for reconsideration in only three situations: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Yang v. Astra Zeneca, No. 04-4626, U.S.

---

2. "A motion for reconsideration may not advance new facts, issues, or arguments not previously presented to the court." Vaidya v. Xerox Corp., No. 97-547, 1997 U.S. Dist. LEXIS 18548, at * 5 n.3 (E.D. Pa. Nov. 25, 1997) (citing Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)). However, in some cases, courts may exercise discretion to consider case law not previously brought to the attention of the court. Caudill Seed & Warehouse Co., Inc. v. Prophet 21, Inc., 126 F. Supp. 2d 937, 939 n.1 (granting a motion for reconsideration where a party brought a recent Third Circuit decision to the district court's attention); Fidelity Fed. Sav. & Loan Assoc. v. Felicetti, 813 F. Supp. 332, 334-35 (E.D. Pa. 1993) (granting a motion for reconsideration where a party brought an applicable Third Circuit case to the district court's attention).

In the present case, Plaintiff raises new arguments regarding whether a court can grant a motion to dismiss on limitations and collateral estoppel grounds and the continuing violation theory. Even if the Court could consider these new arguments, the Court would still deny Plaintiff's Motion for Reconsideration for the reasons discussed in this Memorandum.

Dist. LEXIS 18567, at *2 (E.D. Pa. Aug. 29, 2005) (quoting <u>New Chemic (U.S.), Inc. v. Fine Grinding Corp.</u>, 948 F. Supp. 17, 18-19 (E.D. Pa. 1996)).

### B.  Statute of Limitations and Collateral Estoppel as Affirmative Defenses

Plaintiff argues that under Federal Rules of Civil Procedure, a limitations defense and a collateral estoppel defense cannot be raised by motion, but rather must be raised in a defendant's answer.  Federal Rule of Civil Procedure 8(c) provides that: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . estoppel, . . . statute of limitations, . . . and any other matter constituting an avoidance or affirmative defense."  Fed. R. Civ. P. 8(c). Rule 12(b) states that "every defense . . . shall be asserted in the responsive pleading hereto if one is required," and then goes on to list specific exceptions to the rule.  Fed. R. Civ. P. 12(b).  The statute of limitations and collateral estoppel are not listed as exceptions.  Therefore, taking Rules 8(c) and 12(b) together, both a limitations defense and a collateral estoppel defense must be raised in a defendant's answer.  See <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002) (holding that a limitations defense must be raised in a defendant's answer).

However, "the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  See <u>id.</u> (quoting <u>Hanna v. U.S. Veterans' Admin. Hosp.</u>, 514 F.2d 1092, 1094 (3d Cir. 1975)).  See also <u>Oshiver v. Levin et al.</u>, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly

appears on the face of the pleading."). The Court finds that the Third Circuit Rule applies in the present case. As the Court noted in its November 2, 2005 Memorandum, the "last action by any defendant alleged in Plaintiff's Amended Complaint occurred on February 20, 2003." Seawright, 2005 U.S. Dist. LEXIS 26229, at *11. Plaintiff did not bring suit until May 19, 2005. Therefore, on its face, Plaintiff's Complaint demonstrates noncompliance with the applicable statutes of limitations and the Court was correct to grant Defendant's Motion to Dismiss on this basis.[3]

With regard to collateral estoppel, the Court notes that other courts in the United States District Court for the Eastern District of Pennsylvania have granted motions to dismiss on collateral estoppel grounds. See, e.g., Ehly v. City of Philadelphia, No. 03-3634, 2004 U.S. Dist. LEXIS 23089, at *7-10 (E.D. Pa. Nov. 9, 2004); Weber v. Henderson, 275 F. Supp. 2d 616 (E.D. Pa. 2003).

Therefore, with regard to the appropriateness of granting a motion to dismiss based on a limitations defense and a collateral estoppel defense, Plaintiff has failed to demonstrate the availability of new evidence not previously available, an intervening change in controlling law, or the need to correct a clear error of law or to prevent manifest injustice. Consequently, the Court declines to grant Plaintiff's Motion for Reconsideration on this basis.

### C. Continuing Violation Theory

Plaintiff also argues that the "conduct pleaded in [Plaintiff's] complaint . . . may be deemed in the nature of a continuing violation of plaintiff's rights." (Pl.'s Mot. Recons. at 4.)

---

3. There are two statutes of limitation applicable in this case. First, the statute of limitations for fraud, misrepresentation, abuse of process, civil conspiracy, and intentional infliction of emotional distress is two years. Seawright, 2005 U.S. Dist. LEXIS 26229, at *10-11. Second, the statute of limitations for slander is one year. Id. at *11-12.

Plaintiff alleges that Defendants' "withholding of evidence and other fraudulent and tortuous conduct has continued up to the date of the filing of the initial complaint, is ongoing and continuing today and will be ongoing and continuing until all of these wrongs and improprieties see the light of day and are once for all cleansed by the sword of justice." Id. at 4-5.

Defendants correctly point out that the continuing violation theory does not apply when a plaintiff is aware of the injury at the time that it occurred. Morganroth v. Norris et al., 331 F.3d 406, 417 n.6 (3d Cir. 2003). The Court's Memorandum accompanying its Order Dismissing Plaintiff's Complaint found that "Plaintiff and Plaintiff's counsel were aware of the alleged conduct at the time that it occurred, as evidenced by Plaintiff's communications with the judges in the underlying actions." Seawright, 2005 LEXIS 26229, at *13 n. 11. Therefore, because Plaintiff was aware of the injury at the time that it occurred, the continuing violation theory does not apply in this case.

Therefore, with regard to the continuing violation theory, Plaintiff has failed to present any new evidence not previously available, an intervening change in controlling law, or the need to correct a clear error of law or to prevent manifest injustice. Consequently, the Court declines to grant Plaintiff's Motion for Reconsideration on this basis.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration is **DENIED.** An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA SEAWRIGHT,<br>Personal Representative and Administratrix<br>of the Estate of Joseph Jackson,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW E. GREENBERG, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 05-2751 |

## ORDER

AND NOW, this 14th day of December, 2005, upon consideration of Plaintiff's Motion for Reconsideration of Order Dismissing Action (Docket No. 28), Defendants' Replies (Docket Nos. 29, 30, 31, 34), it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED.**

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.